UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 1:24-cv-24700-RNS

| | |
|---|---|
| RONIN FACTORY, LLC, | ) </br> ) </br> ) |
| Plaintiff, | ) </br> ) |
| v. | ) </br> ) |
| IMPORT GLOBAL, LLC, </br> ABRAHAM HABOSHA, and </br> LINDSAY MILLER, | ) </br> ) </br> ) </br> ) </br> ) |
| Defendants. | ) |

**JOINT MOTION TO DISMISS DEFENDANTS
ABRAHAM HABOSHA AND LINDSAY MILLER**

COME NOW Defendants Abraham Habosha ("Habosha") and Lindsay Miller ("Miller") (collectively, "Defendants"), and jointly move this Court to dismiss Plaintiff's claims pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure because Plaintiff's complaint fails to state a claim upon which relief can be granted. Defendants respectfully show as follows:

**INTRODUCTION**

This case is a component of the Plaintiff's campaign to eliminate Defendant Import Global, LLC ("Import Global") as a competitor. The Plaintiff has sent more than 60 complaint letters to amazon.com and other commerce channels complaining about Import Global. Some of the complaint letters asserted that the picture in Import Global's ads "smelled like" the Plaintiff's copyrighted picture.

With Plaintiff's motivation to harm Import Global's business, it is not surprising that Plaintiff would want to name the owner of Import Global, Abraham Habosha, and its art director,

Lindsay Miller, as Defendants just to involve them directly in the litigation. Importantly, Plaintiff does not (and cannot) allege that these two individuals infringed any of Plaintiffs rights in their individual capacity. The allegations against Miller and Habosha specifically identify their work for Defendant Import Global. Moreover, the allegations against Import Global are based in part on the work product that these individuals provided to Import Global as part of their duties to Import Global. Based on these allegations, Plaintiff asserts a cause(s) of action against Defendants, but did not identify any basis for either Habosha or Miller.

## ARGUMENT AND AUTHORITIES

Under the Federal Rules of Civil Procedure, a pleading must contain: (1) a short and plain statement of the grounds upon which the court's jurisdiction depends; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks. FED. R. CIV. P. 8(a). Based on the allegations asserted, Defendants cannot determine from the Complaint what they did wrong or the basis for legal claims being asserted against them. Furthermore, Plaintiff did not state how it is entitled to relief under any theory. Plaintiff's causes of action fail to meet the pleading standard with respect to the individual Defendants Miller and Habosha under Rule 8.

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. To survive dismissal, a plaintiff must plead "enough facts to state a claim for relief that is plausible on its face," not simply conceivable.[1] The "facial plausibility" Standard demands that "the plaintiff plead factual content that allows the Court to draw reasonable inference that the defendant is liable for the misconduct

---

[1] *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

alleged."[2] "Threadbare recitals of the elements of a cause of action," are not sufficient.[3] In *Ashcroft v. Iqbal*, the Supreme Court set forth a two-pronged approach for federal courts to use when ruling on motions to dismiss. First, a court should distinguish between "legal conclusions" and actual "facts" pled in a complaint. Mere "conclusions" are "not entitled to the assumption of truth."[4] Second, even when well-pleaded factual allegations are present in the complaint, "a court should . . . then determine whether they plausibly give rise to an entitlement to relief."[5] A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the Complaint as true and viewing them in the light most favorable to the complainant, a Court concludes those allegations "could not raise a claim of entitlement to relief."

The court does not "accept conclusory allegations, unwarranted deductions, or legal conclusions."[6] Additionally, "[C]ourts are required to dismiss, pursuant to [Rule 12(b)(6)], claims based on invalid legal theories, even though they may be otherwise well-pleaded."[7]

## A. DISCLOSURES IN COMPLAINT ABOUT ABRAHAM HABOSHA

Defendant Abraham Habosha is identified by name in the Complaint after the first paragraph naming him as a Defendant as follows:

1. Complaint, para. 7 alleges that the Court has jurisdiction over Mr. Habosha.

---

[2] *Id.* at 556.
[3] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)
[4] *Id.* at 679. The Court explained: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."
[5] *Id.*
[6] *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.,* 365 F.3d 353,361 (5th Cir. 2004) (internal quotation marks and citations omitted)
[7] *Flynn v. State Farm Fire and Cas. Ins. Co. (Texas),* 605 F. Supp. 2d 811, 820 (W.D. Tex. 2009) (citing *Neitzke v. Williams,* 109 S. Ct. 1827, 1832 (1989)).

2. Complaint, para. 10 alleges that Mr. Habosha is a registered agent for Import Global.

3. Complaint, para. 11 alleges that Mr. Habosha lives in the Southern District of Florida.

4. Complaint, para. 52 alleges that Mr. Habosha is the "principal of Defendant IMPORT GLOBAL, LLC" and its registered agent.

5. Complaint, para. 53 alleges: "Upon information and belief, Defendant ABRAHAM HABOSHA authorized, directed, and participated in the trademark infringement, trade dress infringement, copyright infringement, and unfair competition … "

Only Complaint, para. 53 actually alleges issues as to potential liability and admits that if there is any liability, it is entirely on Import Global because nothing is alleged as to any conduct of Mr. Habosha creating a potential liability outside of Import Global. Thus, Plaintiff has failed to plead facts to show a claim having "substantive plausibility" that Mr. Habosha should be a Defendant. Nor has Plaintiff pleaded facts to reach Mr. Habosha independently of his corporate role.

**B.  DISCLOSURES IN COMPLAINT ABOUT LINDSAY MILLER**

Defendant Lindsay Miller is identified by name in the Complaint after the first paragraph naming her as a Defendant as follows:

1. Complaint, para. 7 alleges that the Court has jurisdiction over Ms. Miller.

2. Complaint, para. 12 alleges that Ms. Miller lives in the Southern District of Florida.

3. Complaint, para. 54 incorrectly alleges that Ms. Miller is an owner and vice president of Import Global.

4. Complaint, para. 55 alleges: "Upon information and belief, Defendant LINDSAY MILLER authorized, directed, and participated in the trademark infringement, trade dress infringement, copyright infringement, and unfair competition … "

Only Complaint, para. 55 actually alleges issues as to potential liability and admits that if there is any liability, it is entirely on Import Global because nothing is alleged as to any conduct of Ms. Miller creating a potential liability outside of Import Global.  Thus, Plaintiff has failed to plead facts to show a claim having "substantive plausibility" that Ms. Miller should be a Defendant.  Nor has Plaintiff pleaded facts to reach Ms. Miller independently of her alleged corporate role.

It has been shown that the Complaint fails to identify any activities of either Mr. Habosha or Ms. Miller outside of Import Global supporting Plaintiff adding them as Defendants.  Nor has Plaintiff provided any legal arguments or facts distinguishing either Mr. Habosha or Ms. Miller as having any separate liability alleged by Plaintiff against Import Global.

**PRAYER**

WHEREFORE PREMISES CONSIDERED, Defendants respectfully pray that Plaintiff's Complaint against Abraham Abosha and Lindsay Miller be dismissed for failure to state a claim and for such other and further relief to which Defendants may show themselves justly entitled.

| | |
|---|---|
| Dated: January 10, 2025. | THE LIEBERMAN LAW FIRM, P.A.<br><br>*/s/ Mendy Lieberman*<br>Mendy Lieberman<br>Florida Bar 93226<br>mlieberman@sflattoy.com<br>20801 Biscayne Blvd., Suite 304<br>Miami, Florida 33180<br>Telephone: (305) 682-8500<br>Cell: (917) 721-1162<br><br><br>MITBY PACHOLDER JOHNSON PLLC<br><br>*/s/ Timothy W. Johnson (Pro Hac Vice)*<br>Timothy W. Johnson<br>State Bar No. 24002366<br>tjohnson@mitbylaw.com<br>1001 McKinney, Suite 925<br>Houston, Texas 77002<br>Telephone: (713) 234-1446<br><br>ATTORNEYS FOR DEFENDANT<br>IMPORT GLOBAL, LLC |

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2025, the foregoing Motion has been filed via the CM/ECF system and copies will be forwarded to all counsel of record.

*/s/ Mendy Lieberman*
Mendy Lieberman
Florida Bar No. 93226