UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:24-cv-24700-RNS

| | |
|---|---|
| RONIN FACTORY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| IMPORT GLOBAL, LLC, | ) |
| ABRAHAM HABOSHA, and | ) |
| LINDSAY MILLER, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT'S OBJECTIONS AND MOTION TO STRIKE**

Import Global, LLC ("Import Global") moves to strike Plaintiff's Amended Motion for Preliminary Injunction and supporting declaration, or alternatively, to strike specific representations regarding an instruction sheet erroneously attributed to Import Global. As argued in Import Global's opposition to the amended motion, Plaintiff failed to submit any admissible evidence supporting its preliminary injunction request. Should the Court nevertheless consider exhibits from Plaintiff's previous filings, this motion to strike becomes necessary to address material misrepresentations that form the primary basis for Plaintiff's trade dress infringement allegations.

Plaintiff focuses its trade dress allegations on an instruction sheet that Plaintiff incorrectly represents to this Court as originating from Import Global. Plaintiff's representation is an essential element of Plaintiff's motion and the requested extraordinary relief of a preliminary injunction. The following is an excerpt from Plaintiff's amended motion.

1

Defendants have also copied the installation instruction sheet, including the text, layout, and coloring. *Id.*, ¶ 22.



Ronin labeled the image as "Defendants' Instruction Sheet" and cited to paragraph 22 of the Declaration of Scott Macco in support. However, Mr. Macco's initial declaration does not include a paragraph 22. Instead, the declaration simply inserts an image of the instruction sheet where paragraph 22 might be expected and does not make any statement as to what the image is or its source. Ronin purports to have corrected the declaration in a separate filing submitted after its initial motion was filed. The correction does not include the necessary foundational information to establish the source of the sheet as Import Global. Nevertheless, taken together, the representation to the Court is that this instruction sheet was created by Import Global. That representation is false. Import Global did not create that instruction sheet and does not include it

with its products.

Courts have inherent authority to manage their dockets and grant motions to strike. *Dietz v Bouldin*, 579 U.S. 40, 47 (2016). Additionally, under Rule 12(f), courts may strike "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court should strike the Mr. Macco's declaration and the trade dress allegations in the Motion for Preliminary Injunction rely on the instruction sheet as part of its infringement analysis.

Attached hereto as Exhibit 1, is the Declaration of Abraham Habosha. Mr. Habosha confirms that Import Global did not create the instruction sheet and did not include the instruction sheet with its products. Mr. Habosha provides authenticated examples of the actual instruction sheets that Import Global includes with its products, which materially differ from the sheet misattributed to Import Global in Plaintiff's motion.

Plaintiff's representations regarding the instruction sheet's origin are particularly troubling because they lack any foundational support. Mr. Macco's declaration offers no factual basis for attributing the instruction sheet to Import Global. Yet Plaintiff unequivocally represented to this Court that Import Global created the instruction sheet and relied on this misattribution to support its trade dress infringement claims. Such unsupported representations demand correction through this Court's striking power.

Accordingly, Import Global respectfully requests that the Court: (1) strike the misattributed instruction sheet from the Macco Declaration, and (2) strike all trade dress infringement allegations that rely in whole or in part on this instruction sheet.

| | |
|---|---|
| Dated: January 31, 2025. | THE LIEBERMAN LAW FIRM, P.A. |
| | |
| | /s/ Mendy Lieberman |
| | Mendy Lieberman |
| | Florida Bar 93226 |
| | mlieberman@sflattoy.com |
| | 20801 Biscayne Blvd., Suite 304 |
| | Miami, Florida 33180 |
| | Telephone: (305) 682-8500 |
| | Cell: (917) 721-1162 |
| | |
| | MITBY PACHOLDER JOHNSON PLLC |
| | |
| | */s/ Timothy W. Johnson (Pro Hac Vice)* |
| | Timothy W. Johnson |
| | State Bar No. 24002366 |
| | tjohnson@mitbylaw.com |
| | 1001 McKinney, Suite 925 |
| | Houston, Texas 77002 |
| | Telephone: (713) 234-1446 |
| | |
| | ATTORNEYS FOR DEFENDANT |
| | IMPORT GLOBAL, LLC |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2025, the foregoing Motion has been filed via the CM/ECF system and copies will be forwarded to all counsel of record.

*/s/ Mendy Lieberman*
Mendy Lieberman
Florida Bar No. 93226