UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 1:24-cv-24700-RNS

| | |
|---|---|
| RONIN FACTORY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| IMPORT GLOBAL, LLC, | ) |
| ABRAHAM HABOSHA, and | ) |
| LINDSAY MILLER, | ) |
| | ) |
| Defendants. | ) |

**JOINT MOTION TO DISMISS DEFENDANTS**
**ABRAHAM HABOSHA AND LINDSAY MILLER**

COME NOW Defendants Abraham Habosha ("Habosha") and Lindsay Miller ("Miller") (collectively, "Defendants"), and jointly move this Court to dismiss Plaintiff's claims pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure because Plaintiff's complaint fails to state a claim upon which relief can be granted. Defendants respectfully show as follows:

**INTRODUCTION**

This case is a component of the Plaintiff's campaign to eliminate Defendant Import Global, LLC ("Import Global") as a competitor. The Plaintiff has sent more than 60 complaint letters to amazon.com and other commerce channels complaining about Import Global. Some of Plaintiffs allegations in the complaint letters absurdly claim that Import Global's marketing material "smelled like" the Plaintiff's copyrighted image. However, none of these allegations involve Habosha or Miller individually.

With Plaintiff's motivation to harm Import Global's business, it is not surprising that Plaintiff would want to individually name the owner of Import Global, Abraham Habosha, and its art director, Lindsay Miller, as Defendants to maximize the pressure on Import Global. However, Plaintiff does not (and cannot) allege that these two individuals infringed any of Plaintiff's rights in their individual capacity. The allegations against Miller and Habosha specifically identify their work for Defendant Import Global. Moreover, the allegations against Import Global are based in part on the work product that these individuals provided to Import Global as part of their duties to Import Global. Based on these allegations, Plaintiff asserts causes of action against Defendants, but did not identify any basis for either Habosha or Miller, respectively and individually.

## **ARGUMENT AND AUTHORITIES**

Under the Federal Rules of Civil Procedure, a pleading must contain: (1) a short and plain statement of the grounds upon which the court's jurisdiction depends; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks. FED. R. CIV. P. 8(a). Based on the allegations asserted, Habosha and Miller cannot determine from the Complaint what they did wrong or the basis for legal claims being asserted against them. Furthermore, Plaintiff did not state how it is entitled to relief under any theory. Plaintiff's causes of action fail to meet the pleading standard with respect to the individual Defendants Miller and Habosha under Rule 8.

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. To survive dismissal, a plaintiff must plead "enough facts to state a claim for relief that is plausible on its face," not simply conceivable. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The "facial plausibility" standard demands that "the plaintiff plead factual content that allows the Court to draw reasonable

inference that the defendant is liable for the misconduct alleged." *Id* at 556. "Threadbare recitals of the elements of a cause of action," are not sufficient. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). In *Ashcroft v. Iqbal*, the Supreme Court established a two-pronged approach for federal courts to use when ruling on motions to dismiss. First, a court should distinguish between "legal conclusions" and actual "facts" pled in a complaint. Mere "conclusions" are "not entitled to the assumption of truth." *Id* at 679(explaining "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Second, even when well-pleaded factual allegations are present in the complaint, "a court should . . . then determine whether they plausibly give rise to an entitlement to relief." *Id.* A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the Complaint as true and viewing them in the light most favorable to the complainant, a Court concludes those allegations "could not raise a claim of entitlement to relief." *Id.*

The court does not "accept conclusory allegations, unwarranted deductions, or legal conclusions." *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.,* 365 F.3d 353, 361 (5th Cir. 2004) (internal quotation marks and citations omitted). Additionally, "[C]ourts are required to dismiss, pursuant to [Rule 12(b)(6)], claims based on invalid legal theories, even though they may be otherwise well-pleaded." *Flynn v. State Farm Fire and Cas. Ins. Co. (Texas),* 605 F. Supp. 2d 811, 820 (W.D. Tex. 2009) (citing *Neitzke v. Williams,* 109 S. Ct. 1827, 1832 (1989)).

A.  THE ALLEGATIONS AGAINST HABOSHA DO NOT STATE A CLAIM

The following sections identify and summarize the allegations related to Habosha in the Complaint. Defendant Abraham Habosha is identified by name in the Complaint after the first paragraph naming him as a Defendant as follows:

1. Complaint, para. 7 alleges that the Court has jurisdiction over Mr. Habosha.

2. Complaint, para. 10 alleges that Mr. Habosha is a registered agent for Import Global.

3. Complaint, para. 11 alleges that Mr. Habosha lives in the Southern District of Florida.

4. Complaint, para. 52 alleges that Mr. Habosha is the "principal of Defendant IMPORT GLOBAL, LLC" and its registered agent.

5. Complaint, para. 53 alleges: "Upon information and belief, Defendant ABRAHAM HABOSHA authorized, directed, and participated in the trademark infringement, trade dress infringement, copyright infringement, and unfair competition … "

Paragraph 53 is the only allegation that touches on a potential claim, but that allegation does not state a claim for which relief may be granted. First the allegation is made on "information and belief". Second, the actions for which the information and belief are claimed are admittedly directed to Import Global which is the primary defendant in this case. Plaintiff admits that if there is any liability then that liability is entirely on Import Global. Therefore, Plaintiff's complaint does not plead facts to show a claim having "substantive plausibility" that Habosha should be a Defendant. Neither has Plaintiff asserted facts that establish Habosha's liability independently of his corporate role.

**B. THE ALLEGATIONS ABOUT LINDSAY MILLER DO NOT STATE A CLAIM**

The following sections identify and summarize the allegations related to Miller in the Complaint. Defendant Lindsay Miller is identified by name in the Complaint after the first paragraph naming her as a Defendant as follows:

1. Complaint, para. 7 alleges that the Court has jurisdiction over Ms. Miller.

2. Complaint, para. 12 alleges that Ms. Miller lives in the Southern District of Florida.

3. Complaint, para. 54 incorrectly alleges that Ms. Miller is an owner and vice president of Import Global.

4. Complaint, para. 55 alleges: "Upon information and belief, Defendant LINDSAY MILLER authorized, directed, and participated in the trademark infringement, trade dress infringement, copyright infringement, and unfair competition … "

Similar to Habosha, paragraph 53 is the only allegation that touches on a potential claim for Miller, but that allegation does not state a claim for which relief may be granted.  First Miller is not an owner of Import Global.  Second, the allegation is made on "information and belief" and the actions for which the information and belief are claimed are admittedly directed to Import Global which is the primary defendant in this case.  Plaintiff admits that if there is any liability then that liability is entirely on Import Global.  Therefore, Plaintiff's complaint does not plead facts to show a claim having "substantive plausibility" that Miller should be a Defendant.  Neither has Plaintiff asserted facts that establish Miller's liability independently of her corporate role.

Complaint fails to identify any actions taken by either Mr. Habosha or Ms. Miller outside of Import Global supporting a claim for which relief can be granted. The allegations in Plaintiff's complaint do not plead facts or causes of action against either Habosha or Miller as having any separate liability apart from Import Global's alleged liability for its own actions.

## CONCLUSION

For the foregoing reasons, Defendants Habosha and Miller respectfully request that Plaintiff's Complaint against Abraham Habosha and Lindsay Miller be dismissed for failure to state a claim and for such other and further relief to which Defendants may show themselves justly entitled.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues. On January 27, 2025, counsel for Import Global and counsel for Ronin Factory held a telephone conference to discuss the issues. Import Global followed up in writing later that week and Ronin Factory responded in writing. The parties were unable to resolve the issues raised in this motion

*/s/ Timothy W. Johnson*
Timothy W. Johnson

Dated: February 6, 2025.    THE LIEBERMAN LAW FIRM, P.A.

*/s/ Mendy Lieberman*
Mendy Lieberman
Florida Bar 93226
mlieberman@sflattoy.com
20801 Biscayne Blvd., Suite 304
Miami, Florida 33180
Telephone: (305) 682-8500

Cell: (917) 721-1162

MITBY PACHOLDER JOHNSON PLLC

*/s/ Timothy W. Johnson (Pro Hac Vice)*
Timothy W. Johnson
State Bar No. 24002366
tjohnson@mitbylaw.com
1001 McKinney, Suite 925
Houston, Texas 77002
Telephone: (713) 234-1446

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2025, the foregoing Motion has been filed via the CM/ECF system and copies will be forwarded to all counsel of record.

*/s/ Mendy Lieberman*
Mendy Lieberman
Florida Bar No. 93226