## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### Case No.: 1:24-cv-24700-RNS

RONIN FACTORY, LLC,

     Plaintiff,

v.

IMPORT GLOBAL, LLC,
ABRAHAM HABOSHA, and
LINDSAY MILLER,

     Defendants.

_____/

## PLAITNIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING ITS AMENDED MOTION FOR PRELIMINARY INJUNCTION (DOC. 51)

     Plaintiff Ronin Factory, LLC ("Ronin") seeks reconsideration of the Court's March 20, 2025 order denying its amended motion for preliminary injunction (Doc. 51). As a result of a clerical error, the Court did not have the benefit of the full record when making its determination. Had it seen all the documents on file relating to the motion, the Court might well have come to a different conclusion.

## BACKGROUND

     Ronin sued Import Global, LLC and its two member managers, Abraham Habosha and Linsday Miller, for trademark, trade dress and copyright infringement relating to Defendants' promotion and sale of bullet-shaped automobile antennas. In conjunction with its complaint, Ronin filed a motion for preliminary injunction, since each day the infringement was allowed to continue Ronin was suffering irreparable harm to its business and reputation.

1

Ronin filed an amended motion for preliminary injunction the day after its original motion was dismissed without prejudice on procedural grounds (Doc. 32). Defendants opposed (Doc. 33) the amended motion, and on the same day they also filed a motion to strike the amended motion.

Ronin timely filed its reply in support of its amended motion for preliminary injunction (Doc. 37). The reply included a supplemental declaration from Ronin's owner providing additional evidence and correcting several factual misstatements made in Defendants' opposition. It appears that this reply, which was accurately titled as such, was mistakenly filed in CM/ECF with an incorrect description: it was labeled as a *response* to the motion to strike the amended motion for preliminary injunction rather than as a *reply* to the amended motion itself. A week later the response to the motion to strike, correctly labeled, was filed (Doc. 38).   Ronin did not appreciate that the Court was unaware that a reply had been filed due to the mislabeling error until the Court's ruling yesterday denying the motion for a preliminary injunction.

**<u>ARGUMENT</u>**

Under FRCP 60(a), "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." "Courts, however, employ this remedy sparingly and, generally, recognize three major grounds for reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Sprint Communs. v. Calabrese*, No. 18-cv-60788-MARTINEZ, 2022 U.S. Dist. LEXIS 33064, at *7 (S.D. Fla. Jan. 10, 2022) (citation omitted).

Here, the inadvertent linking of the correctly titled reply to the wrong motion in the CM/ECF filing was a "prototypical clerical error that constitutes mistake of fact" that "allows for reconsideration based on excusable neglect." *Pineda v. Am. Plastics Techs., Inc.*, No. 12-21145-

2

CIV-TORRES, 2014 U.S. Dist. LEXIS 67241, at *15 (S.D. Fla. May 15, 2014) (finding excusable neglect (or "unintentional carelessness") for having timely drafted a brief but inadvertently not filing it). In *Pineda*, the court found that a response to a motion was timely drafted, but inadvertently not filed by the deadline. *Id*. Instead, it was filed five days later, after an order granting the motion. *Id*. There was no claim the five-day late filing caused prejudice to the plaintiff or the interest of efficient judicial administration. *Id*. The immediate filing of a motion for reconsideration pointing out the mistake put the plaintiff on notice of the error, further minimizing what little prejudice there otherwise would have been. *Id*. at *16. The court granted the motion for reconsideration in so far as it required a substantive examination of the issues raised in the motion and the response. Id. at *16-17.

The clerical error here was that of Ronin's Florida counsel, who takes full responsibility. But this inadvertent mislabeling should not prejudice Ronin, who complied in every way with the rules of this Court. And because the reply was not seen, the Court based its conclusions on an incomplete and incorrect record, resulting in unfair prejudice to Ronin.

Had the Court had the benefit of reviewing the reply that was filed, it would not have found that "Plaintiff has not filed a reply." Order at Doc. 51 ("Order"), p.1.

Specifically, in its discussion of trademark infringement, the Court found that although Ronin satisfied the majority of the factors required to show likelihood of confusion, it did not prove the "most important" factor, actual confusion. "Had Ronin provided evidence supporting Macco's allegations [in his initial Declaration]" it would have been a "close call," albeit possible, that the evidence would have been adequate, since "even a few instances of consumer confusion can be sufficient to establish actual confusion." Order, p. 13, quoting *Uber Promotions, Inc. v. Uber Tech, Inc.*, 162 F. Supp. 3d 1253, 1275 (N.D. Fla. 2106) (other citations omitted). The Court found that

Macco's declaration, "without actual evidence," was "insufficient."

However, in Macco's supplemental declaration filed with the reply, he described *and attached exhibits* showing multiple instances of actual confusion, including copies of emails from customers who were confused, dated December 2, 2024 (Ex. A), December 7, 2024 (Ex. B), and February 6, 2025 (Ex. C), as well as referencing two additional Amazon returns of Defendants' products opened on February 2, 2025. The Court could find that this evidence of actual confusion is sufficient to establish the actual confusion factor in Ronin's favor, and thus conclude that Ronin *is* likely to succeed on the merits of its trademark infringement claim.

Moreover, on Ronin's copyright infringement claim, the Court, without the benefit of Macco's sworn testimony to the contrary, accepted Defendants' unsupported assertion that the photograph of the white truck in Ronin's copyrighted work was a "publicly available image" and thus "not protectable," so Defendants were free to copy it. Macco's declaration in the reply, however, establishes that he personally took the photograph of the truck and then modified it himself to create the copyrighted work. Thus, Defendants had no right to copy it without permission. Under these circumstances the Court could conclude that Ronin is likely to succeed on the merits of its copyright claim as well.

## CONCLUSION

As argued in the reply at page10, Ronin, is continuing to suffer irreparable harm as a direct result of Defendants' infringing activities. In the interests of justice and fairness, the Court should review the reply and the accompanying declaration of Mr. Macco and reconsider its ruling in light of the full record on this motion. Without that, Ronin is being unfairly prejudiced because of a clerical error.

WHEREFORE, Ronin respectfully requests that the Court reconsider its Order on the amended motion for preliminary injunction at Doc. 51 and issue a new order on the motion after reviewing Ronin's reply and declaration at Doc. 37.

Date: March 21, 2025                    Respectfully submitted,


                                       /s/ *Ava. K. Doppelt*

                                       Ava K. Doppelt, Esq.
                                       Fla. Bar No. 393738
                                       E-Mail: adoppelt@allendyer.com
                                       **ALLEN, DYER, DOPPELT & GILCHRIST, P.A.**
                                       255 South Orange Avenue, Suite 1401
                                       Orlando, Florida 32801
                                       Telephone: (407) 841-2330
                                       Facsimile: (407) 841-2343

                                       Michael T. Griggs, Esq.
                                       Wisconsin Member ID 1046124
                                       E-mail: MTG@boylefred.com
                                       Geoffrey J. Behr, Esq.
                                       Wisconsin Member ID 1119177
                                       E-Mail: GJB@boylefred.com
                                       **BOYLE FREDRICKSON, S.C**
                                       840 N. Plankinton Avenue.
                                       Milwaukee, WI 53203
                                       Telephone: 414-908-0640

                                       *Attorneys for Plaintiff Ronin Factory, LLC*