United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Ronin Factory, LLC, Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 24-24700-Civ-Scola |
| Important Global, LLC, Abraham ) | |
| Habosha, and Lindsay Miller, ) | |
| Defendants. ) | |
| ) | |

## Order Denying Motion for Reconsideration

This matter is before the Court on the Plaintiff (Ronin Factory, LLC)'s motion for reconsideration of the Court's order denying Ronin's amended motion for preliminary injunction. (Mot., ECF No. 52.) In the order, the Court found, as relevant here, that Ronin did not show that it was likely to succeed in establishing (1) actual confusion or a likelihood of confusion with respect to its trademark infringement claim and (2) that it had protectible elements in its copyrighted image to support its copyright infringement claim. (Order Denying Mot. for Preliminary Injunction, ECF No. 51, at 13, 20-21.) In that order, the Court noted that Ronin did not file a reply and did not have sufficient evidence of actual confusion. (*Id.* at 1, 13.) For the following reasons, the Court **denies** Ronin's motion for reconsideration (**ECF No. 52**).

The Plaintiff now notes that its reply in support of the motion for reconsideration was incorrectly filed as a response in opposition to the Defendants' motion to strike the amended motion for preliminary injunction. (*See* Mot., at 2; *see also* Resp. to Mot. to Strike, ECF No. 37.) Ronin believes that its reply, and the affidavit by its owner, Scott Macco, attached thereto, contains evidence that if considered would have led the Court to grant the amended motion for preliminary injunction. (Mot., at 3-4.)

Fed. R. Civ. P. 60(a) allows courts to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." The decision to grant or deny a motion for reconsideration is committed to the district court's sound discretion. *See Chapman v. AI Transport,* 229 F.3d 1012, 1023-24 (11th Cir. 2000) (reviewing reconsideration decision for abuse of discretion). Reconsideration is appropriate only in very limited circumstances, such as where "the Court has patently misunderstood a party, where there is an intervening change in controlling law or the facts of a case, or where there is manifest injustice." *See*

*Vila v. Padron*, No. 04-20520, 2005 WL 6104075, at *1 (S.D. Fla. Mar. 31, 2005) (Altonaga, J.). "Such problems rarely arise and the motion to reconsider should be equally rare." *See id.* (cleaned up). In order to obtain reconsideration, "the party must do more than simply restate its previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived." *See id.*

In its initial order, the Court noted that "[h]ad Ronin provided evidence supporting Macco's allegations [of actual consumer confusion], whether it had showed enough for actual consumer confusion] would have been a close call." (Order, at 13.) Ronin believes that Macco's second declaration contains three instances of consumer confusion sufficient to establish that the "actual confusion" factor of a trademark infringement claim weighs in its favor. (*See* Macco Decl., ECF No. 37-1.)

The Court disagrees. The three cited instances in Macco's second declaration fail to establish a likelihood of actual consumer confusion. As the Defendants point out with respect to Exhibit A to Macco's second declaration (which is the first purported instance of consumer confusion), "[t]here is no evidence as to why the individual contacted Ronin . . . The individual does not make any statement about the logo or why he believed he had purchased the antenna from Ronin." (Defs.' Resp., ECF No. 59, at 7.) Ronin has a high bar on a motion seeking injunctive relief. This example does not show that a consumer was confused. Exhibit B likewise does not establish consumer confusion. In the photo of the antenna at issue in Exhibit B, there is no evidence of either parties' logo, and therefore the Court cannot find that the consumer was confused because of the similarities between the parties' trademarked logos. Finally, Exhibit C is an email from a customer who described the Defendants' antenna as a "ronin antenna." (Macco Decl., at 15-29.) But even as Macco admits, the customer had purchased the vehicle with the Defendants' antenna on it. (*Id.* ¶ 5.) Thus, the customer did not actually buy the Defendants' antenna thinking it was Ronin's. In fact, the customer ended up buying a Ronin antenna. (*See id.* at 28.) Exhibit C is weak evidence of actual consumer confusion.

Ronin also asks the Court to reconsider its conclusion that Ronin did not establish its likelihood of success on the merits of its copyright infringement claim. In his second declaration, Macco asserts that he "personally took the photograph . . . of a Ford truck" that he "then modified it to create the copyrighted work that is the subject of copyright registration VA 2-395-784." (Macco Decl. ¶ 7.) Ronin believes that "the Court, without the benefit of Macco's sworn testimony to the contrary, accepted Defendants' unsupported assertion that the [copyrighted image] was a 'publicly available image' and thus 'not

protectible, so Defendants were free to copy it." (Mot., at 4.) Even if the Court is incorrect that the image was "a stock photograph," (Order, at 20-21), Ronin still does not show how the image is protectible. As the Court noted in its order, the at-issue image likely implicates the merger and *scenes-a-faire* doctrines. (*Id.* at 20-21.) The Court's conclusion still stands: "Ronin has failed to show that after filtration, it is likely that there are protectible portions . . . in its copyrighted image that could lead to copyright infringement." (*Id.* at 21.)

For the foregoing reasons, Ronin's motion for reconsideration (**ECF No. 52**) is **denied**.

**Done and ordered** at Miami, Florida on April 14, 2025.

_____
Robert N. Scola, Jr.
United States District Judge